IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRANDON BETZ | * |
| Plaintiff, | * |
| vs. | * Case No. 1:25-cv-2314 |
| FAIRFAX COUNTY SCHOOL BOARD | * |
| & | * |
| BRYAN HILL | * |
| Defendants. | * |

**COMPLAINT**

PARTIES, JURISDICTION, AND VENUE

1. Defendant Fairfax County School Board ("FCSB" or "the Board") is the body corporate responsible for the supervision and operation of the school division commonly known as Fairfax County Public Schools ("FCPS"). All references herein to "FCPS" refer to the school system governed and controlled by Defendant FCSB.

2. Defendant Bryan Hill is an adult individual and citizen of the Commonwealth of Virginia. At all times relevant, Defendant Hill is/was a FCPS employee, acting under the supervision and control of the Board.

3. Plaintiff Brandon Betz is an adult individual and citizen of the Commonwealth of Virginia. At all times relevant, Plaintiff Betz is/was a FCPS employee.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in Fairfax County, Virginia.

## FACTUAL ALLEGATIONS

*Defendant Hill's History of Misconduct*

7. Upon information and belief, Defendant Hill has a documented history of employment terminations and misconduct spanning over two decades across multiple school districts in the Washington, D.C. metropolitan area.

8. Specifically, Defendant Hill was previously employed by FCPS at Mt. Vernon High School in the early 2000s. Hill was that employment due to substantiated misconduct involving inappropriate sexual or harassing text messages sent to co-workers.

9. Upon information and belief, Hill was subsequently employed by District of Columbia Public Schools at Ballou High School, where he was also released or resigned in lieu of termination for misconduct.

10. Following that tenure, Hill was employed by Alexandria City Public Schools (T.C. Williams High School), where he was terminated in or around 2016 amid allegations of using inappropriate language and creating a "culture of fear."

*The Negligent Rehiring*

11. Despite this record of termination for cause, which constituted actual notice of his propensity for harassment, FCPS negligently rehired Hill at Hayfield High School prior to 2024.

12. In or around August 2024, FCSB hired Defendant Hill as a teacher and coach at John R. Lewis High School (the "School"), introducing him into the workplace environment where Plaintiff had worked safely since 2020.

13. Upon information and belief, the hiring of Defendant Hill was personally orchestrated by Alfonso Smith, the then-Principal of the School, who has since vacated his position after being named Director of Student Activities Management for Prince William County Public Schools.

14. Mr. Smith, who previously coached with Defendant Hill at another school, actively recruited Hill for the position. This personal connection served as the catalyst for bypassing standard safety vetting protocols, prioritizing cronyism over the safety of the student body and staff.

15. Defendant FCSB ratified this violation of safety protocols by processing and finalizing Defendant Hill's employment contract through its Department of Human Resources.

16. This hiring decision violated FCSB safety protocols and demonstrated deliberate indifference to the safety of staff, as FCSB had actual knowledge, (via its own personnel files) and constructive knowledge (via public records from Alexandria and DC) of Defendant's propensity for aggression.

17. Given Defendant Hill's documented history of "inappropriate texts" (sexual harassment) and terminable offenses involving a "culture of fear" at prior schools, the risk that he would engage in further abusive conduct toward co-workers was a plainly obvious consequence of the decision to rehire him.

18. It was objectively foreseeable that an employee with a history of flagrant boundary violations and intimidation would eventually escalate to physical aggression, particularly when challenged by a vulnerable peer.

19. By ignoring these red flags, Defendant FCSB demonstrated deliberate indifference to the known and foreseeable danger Hill posed to the workplace.

*The Professional Dispute Leading to the Assault*

20. On December 20, 2024, Plaintiff was lawfully present at his workplace, John R. Lewis High School.

21. Plaintiff suffers from a permanent physical disability that significantly limits his mobility, and requires the use of two canes to walk.

22. On the date of the incident, Plaintiff was using these canes, which were plainly visible to Defendant Hill.

23. On December 20, 2024, Plaintiff approached Defendant Hill to address a professional grievance.

24. Prior to this date, Defendant Hill had promised Plaintiff an Assistant Varsity Coaching position but instead assigned him to the Junior Varsity team, for which Plaintiff was never compensated.

25. Furthermore, Defendant Hill had knowingly made false and defamatory statements to John R. Lewis High School students, telling players that Plaintiff had ceased coaching because he was "greedy" and "upset at the pay".

26. Plaintiff's purpose in approaching Defendant Hill was de-escalatory; he requested only that Defendant Hill recant the false "greedy" narrative and instead inform the students that Plaintiff stepped away due to family obligations.

27. Plaintiff effectively ended the professional dispute and began to physically disengage. Video surveillance confirms that Plaintiff turned his back to Defendant Hill and began to walk back into the adjoining classroom.

28. As Plaintiff was departing, Defendant Hill affirmatively re-initiated the conflict by calling him a "bitch ass nigga" and taunting Plaintiff's disability, stating, "What you going to do [about it], you're handicapped!"

29. In direct response to these specific "fighting words" and discriminatory slurs, Plaintiff pivoted back to face Defendant Hill.

30. While Plaintiff verbally objected to the abuse and stood in proximity to Defendant Hill, Plaintiff posed no credible physical threat; at all times during the interaction, Plaintiff's hands were visibly restrained by his mobility aids (canes).

31. Defendant Hill, an able-bodied athletic coach, seized upon this proximity and delivered a violent two-handed shove to Plaintiff's chest.

32. Because Plaintiff's arms were restrained by his crutches, he was unable to break his fall and was launched backward, landing with full force on his right hip.

33. As a direct result of the shove, Plaintiff collapsed to the floor, sustaining injuries including a fracture of the right hip.

*Defendant FCSB's Response and Deliberate Indifference*

33. Defendant FCSB immediately suspended Hill following the December 20, 2024 assault and collected written statements from Defendant Hill, Plaintiff, and other witnesses.

34. Defendant Hill's written statement to FCSB admitted: "I said, 'You're a handicapped dude threatening harm to people. Stop it man.'" This gave FCSB actual notice on December 20, 2024 that Hill referenced Plaintiff's disability during the assault.

35. Hill's statement to Defendant FCSB explicitly acknowledges that he referenced Plaintiff's disability during the confrontation. This placed Defendant FCSB on actual notice that the assault involved disability-based harassment.

36. On December 23, 2024, Plaintiff filed a criminal complaint alleging Hill taunted "What you going to do [about it], you're handicapped!" before assaulting him. This public record was accessible to FCSB.

37. Defendant Hill was charged with Assault & Battery (Va. Code § 18.2-57, Case No. GC25007808-00). On February 11, 2025, after trial, the Fairfax County General District Court found facts sufficient for guilt. The judge viewed the surveillance footage and rejected Hill's self-defense claim.

38. Shortly after this judicial finding, Defendant FCSB restored Defendant Hill to full employment at the School despite knowing: (1) a court found Hill assaulted Plaintiff; (2) Hill admitted making disability-based comments; (3) the judge rejected Hill's defense after viewing video; (4) Plaintiff is visibly disabled; (5) the assault caused injury to Plaintiff; and (6) Plaintiff had not returned since the assault.

39. Since Defendant Hill's restoration, Defendant FCSB has repeatedly asked when Plaintiff will return to work. Plaintiff cannot safely return while Defendant Hill remains at his workplace. Defendant FCSB has offered no accommodation and refuses to remove Defendant Hill or transfer either employee.

40. Defendant FCSB's retention of Defendant Hill at Plaintiff's workplace, despite actual knowledge of disability-motivated assault and Plaintiff's inability to return, constitutes ongoing deliberate indifference to a continuing hostile work environment.

41. Since the assault, Defendant Hill has engaged in a campaign of retaliation and intimidation against Plaintiff's family, specifically confronting Plaintiff's brother at a public event referring to the Plaintiff as a "bitch ass nigga" for filing the criminal complaint and contemplating civil action.

42. This post-assault conduct demonstrates Defendant Hill's malice and lack of remorse. It further validates Plaintiff's objectively reasonable fear that returning to the workplace would expose him to immediate retaliation and physical danger.

*Foreseeability and Deliberate Indifference*

COUNT I VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
Defendant Fairfax County School Board

43. Plaintiff incorporates by reference the allegations in paragraphs 1 through 42.

44. Defendant FCSB receives Federal financial assistance and is subject to Section 504 (29 U.S.C. § 794).

45. In order to prevail on a hostile work environment claim under Section 504, Plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer. *Edmonson v. Potter*, 118 F. App'x 726 (4th Cir. 2004)(*citing Fox v. General Motors Corp.*, 247 F.3d 169, 176 (4th Cir. 2001).

46. Here, it is undisputed that Plaintiff is a qualified individual with a disability; he walks with the aid of two canes due to a permanent spinal injury.

47. Defendant Hill subjected Plaintiff to severe and pervasive harassment, including physical battery and specific verbal mockery of his disability.

48. This harassment was motivated solely by reason of Plaintiff's disability; a non-disabled employee involved in a similar dispute would not have been subjected to specific mockery of their physical limitations nor physically assaulted while in a defenseless position on crutches. *See Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454 (4th Cir. 2012).

49. Pursuant to the 4th Circuit's holding in *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015), an isolated incident of harassment creates a hostile work environment if it is "extremely serious."

50. Plaintiff alleges that a physical assault resulting in a hip fracture is objectively "extremely serious" and satisfies the severity threshold as a matter of law. *See also Smith v. Sheahan*, 189 F.3d 529 (7th Cir. 1999) (holding a single physical assault damaging a wrist is actionable harassment); *Miller v. Washington Workplace, Inc.*, 298 F. Supp. 2d 364 (E.D. Va. 2004) (recognizing physical shoving contributes to a hostile environment).

51. Defendant FCSB is liable for this harassment because it had constructive notice of Hill's propensity for harassment via his prior terminations from neighboring districts and actual notice of his danger via its own internal records of his release from Mt. Vernon High School for inappropriate conduct. *See Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257 (4th Cir. 2021).

52. Defendant FCSB had actual knowledge of disability-based harassment from: (1) Defendant Hill's December 20, 2024 written statement admitting he called Plaintiff "handicapped dude"; (2) the public criminal complaint alleging disability taunts; and (3) the February 11, 2025 court finding after viewing surveillance footage.

53. Defendant FCSB's response was clearly unreasonable: restoring Defendant Hill to Plaintiff's workplace after a court found him guilty of assaulting a disabled colleague, without any accommodation or protection for Plaintiff.

54. Defendant FCSB's deliberate indifference is demonstrated by repeatedly asking when Plaintiff will return while declining to remove Hill or offering to provide any accommodation. The reason for Plaintiff's inability to return is obvious: assault victims cannot safely work alongside their assailants.

55. Defendant FCSB's retention of Hill constitutes a continuing violation: each day Hill remains employed at Plaintiff's assigned workplace while Plaintiff cannot return is an ongoing breach of Section 504.

56. Given Defendant Hill's documented history of "inappropriate texts" (sexual harassment) and terminable offenses involving a "culture of fear" at prior schools, the risk that he would engage in further abusive conduct toward co-workers was a plainly obvious consequence of the decision to rehire him.

57. It was objectively foreseeable that an employee with a history of flagrant boundary violations and intimidation would eventually escalate to physical aggression, particularly when challenged by a vulnerable peer.

58. By ignoring these red flags, FCSB demonstrated deliberate indifference to the known and foreseeable danger Hill posed to the workplace.

59. As a direct and proximate result of this Defendant's actions, Plaintiff suffered serious bodily injuries, medical expenses, loss of income, pain and suffering, anxiety, emotional anguish, loss of enjoyment of life and other damages.

60. Defendant FCSB's continuing deliberate indifference has constructively discharged Plaintiff. By retaining Defendant Hill and failing to provide accommodation, Defendant FCSB has made it impossible for Plaintiff to return, effectively terminating his employment.

WHEREFORE Plaintiff seeks compensatory damages in the amount of $5,000,000.00, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 794a, plus interest and costs, and for such other and further relief as the Court deems just and proper.

### COUNT II ASSAULT AND BATTERY AGAINST
Defendant Bryan Hill

61. Plaintiff incorporates by reference the allegations in paragraphs 1 through 60.

62. Defendant Hill intentionally placed Plaintiff in apprehension of harmful contact and subsequently made harmful, offensive contact with Plaintiff by shoving him to the ground.

63. This contact was not consented to, nor was it privileged by self-defense, as adjudicated by the Fairfax County General District Court.

64. This claim is not barred by the Virginia Workers' Compensation Act because the assault arose from Defendant Hill's personal motive and discriminatory animus, independent of the employment relationship.

65. Defendant Hill's decision to attack a disabled co-worker was a personal act of bias, distinct from the employer's business interests.

WHEREFORE Plaintiff seeks compensatory damages in the amount of $5,000,000.00, plus interest and costs, and for such other and further relief as the Court deems just and proper.

### COUNT III STATUTORY HATE CRIME (VA. CODE § 8.01-42.1)
Defendant Bryan Hill (Individual Capacity)

66. Plaintiff incorporates by reference the allegations in paragraphs 1 through 65.

67. Defendant Hill committed an assault and battery against Plaintiff.

68. This act was motivated by disability bias, as evidenced by Hill's specific mockery of Plaintiff's disability immediately prior to and during the commission of the battery.

69. Pursuant to Va Code. § 8.01-42.1(B), Plaintiff is entitled to compensatory damages, punitive damages, and reasonable attorney's fees under this statute.

WHEREFORE Plaintiff seeks compensatory damages in the amount of $5,000,000.00, punitive damages, reasonable attorneys' fees, plus interest and costs, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

BRANDON BETZ

**/s/ Jeremy C. Huang**
Jeremy C. Huang, VSB 76861
ROWE WEINSTEIN & SOHN, PLLC
7010 Little River Turnpike, Suite 300
Annandale, VA 22003
(T) 301-770-4710 / (F) 301-770-4711
jhuang@rowepllc.com
*Attorney for Plaintiff*