IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| BRANDON BETZ, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:25-cv-2314-RDA/LRA |
| FAIRFAX COUNTY SCHOOL BOARD, et al., | * | |
| | * | |
| Defendants. | | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT BRYAN HILL'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Bryan Hill moves to dismiss all claims against him on three grounds: (1) that Section 504 of the Rehabilitation Act does not permit individual liability; (2) that the Virginia Workers' Compensation Act bars Plaintiff's assault and battery claim (Count II) and statutory hate crime claim (Count III); and (3) that Virginia Code § 8.01-42.1(C) independently bars the hate crime claim. As an initial matter, Count I was never asserted against Defendant Hill; the Complaint makes clear on its face that it is brought solely against Defendant Fairfax County School Board. Plaintiff concedes argument (3), but opposes dismissal of Count II.

Defendant Hill's workers' compensation argument rests on the premise that any altercation between coworkers at a workplace is necessarily governed by the Virginia Workers' Compensation Act, but that is not the law. Virginia courts have consistently held that when an assault is "personal to the injured employee and not directed against him as an employee or because of his employment," the resulting injury does not arise out of the employment, and the exclusivity bar does not apply. *County of Chesterfield v. Johnson*, 237 Va. 180, 185 (1989). Here, the Complaint does not allege a workplace dispute that escalated into violence. Rather, it alleges that after a professional conversation concluded, Defendant Hill re-initiated the encounter on an entirely different basis, Plaintiff's disability, and then physically assaulted him. That conduct was personal to Plaintiff and motivated by discriminatory animus, not by the employment relationship.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads factual content "that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Critically, in evaluating plausibility, it is improper for a court to "undertake[] to determine whether a lawful alternative explanation appear[s] more likely." *Woods v. City of Greensboro*, 855 F.3d 639, 653 n.9 (4th Cir. 2017). Instead, "[i]f [a plaintiff's] explanation is plausible, her complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation." *Id*.

## ARGUMENT

### I. COUNT I IS NOT ASSERTED AGAINST DEFENDANT HILL

Plaintiff confirms that Count I is asserted solely against Defendant Fairfax County School Board, as the Complaint states on its face. Plaintiff does not oppose entry of an order confirming that Count I does not apply to Defendant Hill.

### II. COUNT II (ASSAULT AND BATTERY) IS NOT BARRED BY THE VIRGINIA WORKERS' COMPENSATION ACT

A. The Exclusivity Bar Applies Only to Injuries Arising Out of Employment.

The Virginia Workers' Compensation Act provides the exclusive remedy for injuries "arising out of and in the course of" employment. Va. Code § 65.2-307(A). But exclusivity has limits. The "arising out of" requirement demands a causal connection between the injury and the conditions of employment; it is not satisfied merely because the injury occurred at the workplace. *County of Chesterfield v. Johnson*, 237 Va. 180, 185 (1989).

To determine if an injury arises out of employment, Virginia applies an "actual risk" test: the injury is covered only if the employment exposed the employee to the particular danger that caused the injury. *Butler v. Southern States Cooperative, Inc.*, 270 Va. 459, 465 (2005). In cases involving intentional assaults between coworkers, this test dictates that the exclusivity bar does not apply when the assault is "personal to the injured employee and not directed against him as an employee or because of his employment." *Johnson*, 237 Va. at 185. Where the attack stems from personal animus rather than the employment relationship, the injury does not arise out of the employment, and the injured employee may pursue a tort action against the attacker.

B. Defendant Hill Fails to Satisfy the Metrics of the "Actual Risk" Test.

Defendant Hill characterizes the incident as a "workplace dispute" simply because it occurred at school. This relies on a "positional risk" theory that Virginia courts explicitly reject. To invoke the exclusivity bar, Defendant Hill must satisfy the specific metrics of the "actual risk" test, and he fails on every count.

First, the danger was not "peculiar to the work." *Johnson*, 237 Va. at 185. The "actual risk" test requires that the employment subject the employee to a hazard that is unique to the job and not common to the neighborhood. *Id*. While a dispute over coaching strategy might be peculiar to the job of a football coach, the risk of being physically battered while being taunted with discriminatory slurs ("you're handicapped!") is not. That is a risk common to society at large, unfortunately, but it is not a hazard inherent to the duties of a Fairfax County educator.

Second, the assault was not "directed against the employee as an employee." *Miller*, 298 F. Supp. 2d at 372. The "actual risk" test for assaults requires that the attack be directed at the victim in their capacity as an employee (e.g., a supervisor disciplining a subordinate, or a bank teller during a robbery). Here, the professional relationship had ended the moment the coaching discussion concluded. When Defendant Hill re-initiated the encounter to mock Plaintiff's disability, he was no longer addressing Plaintiff as "Coach Betz" or a subordinate; he was attacking Plaintiff as a private individual based on personal animus.

Thirdly and finally, there is no "causal connection" between the conditions of employment and the injury. *Butler*, 270 Va. at 465. Nothing in the conditions of Plaintiff's employment required him to endure disability-based battery. The "cause" of the injury was not the school environment or the job requirements, but rather Defendant Hill's independent, personal decision to escalate a finished conversation into a physical hate crime.

Because Defendant Hill cannot satisfy these metrics, the injury did not "arise out of" the employment, and the Virginia Workers' Compensation Act does not bar this claim.

C. Defendant Hill's Own Cited Cases Support Plaintiff's Position.

Defendant Hill relies on *Sutter v. First Union National Bank of Virginia, Inc.*, 932 F. Supp. 753 (E.D. Va. 1996), and *Miller v. Washington Workplace, Inc.*, 298 F. Supp. 2d 364 (E.D. Va. 2004), to argue that the Virginia Workers' Compensation Act bars this suit. However, a closer reading of the facts in both cases reveals that they actually support the exception for personally motivated assaults. In both *Sutter* and *Miller*, the courts applied the exclusivity bar only because the assaults were inextricably tied to the employer's managerial act of terminating the plaintiff's employment, a scenario factually distinct from the disability-motivated violence alleged here.

In *Sutter*, the plaintiff's supervisor, after a dispute over work performance, fired the plaintiff and then physically "grabbed the plaintiff ... and forcibly removed her from the building." 932 F. Supp. at 755. The court held that the assault "arose out of" the employment precisely because "the defendant's difficulties with the plaintiff were not personal, but rather arose purely out of work-related subjects" (i.e., her termination). *Id.* at 759. The act of forcibly removing a terminated employee from the premises is a direct, albeit tortious, extension of the employment relationship. Here, the opposite is true: Plaintiff Betz was not being terminated, supervised, or disciplined. The professional discussion had concluded, and a clear temporal break occurred before Defendant Hill re-initiated the encounter with a personal taunt about Plaintiff's disability.

Similarly, in *Miller*, the assault occurred during a volatile termination meeting. The plaintiff's supervisor shouted "You're fired!" and then physically pushed the plaintiff, causing her to fall. 298 F. Supp. 2d at 368. The court applied the exclusivity bar because the attack was "directed against the claimant *as an employee* or because of the employment", specifically, the supervisor's act of firing her. *Id.* at 372 (emphasis added).

Defendant Hill's reliance on these cases is misplaced because he ignores the critical distinction between an assault committed to enforce an employment decision (like firing) and an assault motivated by personal bias. Hill was not acting as a supervisor enforcing school policy, but as an individual enforcing a personal prejudice. As the Virginia Supreme Court established in *Butler v. Southern States Cooperative, Inc.*, 270 Va. 459 (2005), when an assault is "personal to the injured employee," it cannot be said to arise out of the employment. By taunting Plaintiff's disability ("you're handicapped!"), Defendant Hill moved his conduct outside the scope of the Act and into the realm of personal tort liability.

D. The Complaint's Allegations Are Not Conclusory.

Defendant Hill argues that Plaintiff's assertion of personal animus is "conclusory" and unsupported by factual allegations. (Hill Mem. at 5-6.) This mischaracterizes the Complaint as the factual basis for personal animus is specific and well-pleaded: Defendant Hill taunted Plaintiff's disability immediately before the assault ("What you going to do about it, you're handicapped!") (Compl. ¶ 28.); Defendant Hill's own written statement to the employer referenced Plaintiff's disability ("You're a handicapped dude threatening harm to people. Stop it man.") (*Id.* ¶ 34.); Defendant Hill exploited Plaintiff's physical vulnerability by shoving a man whose hands were occupied by mobility aids (*Id.* ¶¶ 31-32.); and the assault occurred after the professional conversation had ended, following a clear temporal break. (*Id.* ¶ 27.)

These are not "threadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 663. They are specific factual allegations from which the Court can draw the reasonable inference that the assault was motivated by personal, disability-based animus rather than any employment-related dispute. Whether the assault ultimately arose out of the employment or out of personal animus is a factual question that cannot be resolved on a motion to dismiss. *See Johnson*, 237 Va. at 185.

## III. PLAINTIFF CONCEDES COUNT III AGAINST DEFENDANT HILL

Virginia Code § 8.01-42.1(C) expressly provides that the statute "shall not apply to any actions between an employee and his employer, or between or among employees of the same employer, for damages arising out of incidents occurring in the workplace or arising out of the employee-employer relationship." The Complaint alleges that both Plaintiff and Defendant Hill are employees of the same employer and that the incident occurred at the workplace. (Compl. ¶¶ 2-3, 20.) Plaintiff does not oppose dismissal of Count III.

## CONCLUSION

Count I was never asserted against Defendant Hill, and Plaintiff concedes Count III. However, Count II states a plausible claim for assault and battery that falls outside the Virginia Workers' Compensation Act's exclusivity bar. The Complaint alleges specific facts establishing that Defendant Hill's assault was motivated by personal, disability-based animus, not by any condition of employment, and that the professional conversation had ended before Defendant Hill re-initiated the encounter on an entirely different basis. Whether this assault arose out of the employment relationship is a factual determination that cannot be resolved at the pleading stage and Defendant Hill's motion to dismiss should be denied as to Count II.

Respectfully submitted,

BRANDON BETZ

By Counsel

/s/ Jeremy C. Huang
Jeremy C. Huang, VSB No. 76861
ROWE WEINSTEIN & SOHN, PLLC
7010 Little River Turnpike, Suite 300
Annandale, Virginia 22003
(703) 354-1111 (telephone)
(301) 770-4711 (facsimile)
jhuang@rowepllc.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February 2026, a copy of the foregoing was served via the Court's CM/ECF system, upon the following persons:

John F. Cafferky, Esq.
Michael K. Kim, Esq.
Ian J. McElhaney, Esq.
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)
jcafferky@bklawva.com
mkim@bklawva.com
imcelhaney@bklawva.com
*Counsel for Defendant Fairfax County School Board*

Michael L. Daniels, Esq.
Michael L. Daniels, PLC
1775 Tysons Boulevard, 5th Floor
Tysons, VA 22102
(571) 500-1031 (telephone)
(571) 200-6379 (facsimile)
mdaniels@mldplc.com
*Counsel for Defendant Bryan Hill*

*/s/ Jeremy C. Huang*
Jeremy C. Huang, VSB No. 76861