IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BRANDON BETZ,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFAX COUNTY SCHOOL BOARD, *et al.*,<br><br>Defendants. | ) | Civil Action No. 1:25-cv-02314 (RDA/LRV) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Fairfax County School Board's Motion to Dismiss (Dkts. 12, 13) (the "FCSB Motion") and Defendant Bryan Hill's Motion to Dismiss (Dkt. 11) (the "Hill Motion") (collectively, the "Motions"). The Court has dispensed with oral arguments as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motions, the Complaint (Dkt. 1), Plaintiff's Oppositions (Dkts. 18, 19), and Defendants' Replies (Dkts. 20, 21), the Court GRANTS the Motions for the reasons that follow.

## I. FACTUAL BACKGROUND[1]

Plaintiff Brandon Betz and Defendant Bryan Hill ("Defendant Hill") are both employees of Fairfax County Public Schools ("FCPS"). Dkt. 1 ¶¶ 2, 3. Defendant Fairfax County School Board ("Defendant FCSB") is the body responsible for the supervision and operation of FCPS. *Id.* ¶ 1. Plaintiff suffers from a visible permanent physical disability that significantly limits his mobility. *Id.* ¶ 21. Plaintiff requires the use of two canes to walk. *Id.* ¶ 21.

Plaintiff alleges that Defendant Hill has a documented history of over two decades of employment

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

termination due to misconduct in the Washington, D.C. metropolitan area. *Id.* ¶ 7. These include allegations related to inappropriate sexual communications with co-workers and inappropriate language, but no allegations related to disability discrimination. *Id.* ¶¶ 8-10. Prior to 2024, Defendant Hill was rehired by FCPS at Hayfield High School. *Id.* ¶ 11.

In or around August 2024, Defendant Hill was hired by Alfonso Smith (the then-principal) as a teacher and coach at John R. Lewis High School, where Plaintiff had worked since 2020. *Id.* ¶ 12. Plaintiff alleges that standard safety vetting protocols for new employees were bypassed due to Smith's personal connection with Defendant Hill. *Id* ¶ 14. This decision was subsequently ratified by FCSB's Department of Human Resources when the employment contract for Defendant Hill was finalized. *Id.* ¶ 15.

Plaintiff asserts that Defendant Hill promised Plaintiff an Assistant Varsity coaching position but instead assigned him to an uncompensated Junior Varsity coaching position. *Id.* ¶ 24. Plaintiff resigned from this position due to familial obligations. *Id.* ¶ 26. Following this resignation, Plaintiff alleges that Defendant Hill told John R. Lewis High School students that Plaintiff was "greedy" and "upset at the pay." *Id.* ¶ 26. On December 20, 2024, Plaintiff approached Defendant Hill, asking him to recant these statements and to inform students that Plaintiff had stepped away from coaching due to family obligations. *Id.* ¶ 26. Plaintiff asserts that he ended the professional dispute and began walking back into the adjoining classroom. *Id.* ¶ 27. While departing, Plaintiff alleges that "Defendant Hill re-initiated the conflict by calling him a 'bitch ass n[****]' and stating, 'what are you going to do [about it], you're handicapped!'" *Id.* ¶ 28. Plaintiff turned around to face Defendant Hill, who delivered a two-handed shove to Plaintiff's chest. *Id.* ¶ 31. Plaintiff fell backwards, landing on his right hip. *Id.* ¶ 32.

Defendant FCSB immediately suspended Defendant Hill and collected a written statement wherein Defendant Hill admitted: "I said, You're a handicapped dude threatening harm to people. Stop it man." *Id.* ¶¶ 33, 34. On December 23, 2024, Plaintiff filed a criminal complaint. *Id.* ¶¶ 36, 37. Defendant Hill was found guilty of assault and battery by the Fairfax County General District Court on

February 11, 2025. *Id.* ¶¶ 36, 37. Sometime later, Defendant Hill's employment was reinstated at FCSB. *Id.* ¶ 38. Plaintiff asserts that he has declined to return work, because Plaintiff does not believe that he can safely return to work and because FCSB has not offered him accommodations. *Id.* ¶ 39. Plaintiff alleges that, outside of the employment context, Defendant Hill has since retaliated and intimidated Plaintiff's family, calling Plaintiff a "bitch ass n[****]" when confronting Plaintiff's brother in public. *Id.* ¶¶ 41, 42.

## II. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on December 10, 2025. Dkt. 1. Defendant Hill filed his pending Motion to Dismiss on February 9, 2026. Dkt. 11. Defendant FCSB filed its pending Motion to Dismiss on February 9, 2026. Plaintiff filed Oppositions to both Motions to Dismiss on February 23, 2026. Dkts. 18, 19. Defendant Hill filed his reply on February 27, 2026. Dkt. 20. Defendant FCSB filed its reply on March 2, 2026. Dkt. 21.

## III. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## IV. ANALYSIS

Plaintiff alleges three causes of action in his Complaint: (i) a hostile work environment claim pursuant to section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, against FCSB;[2] (ii) a claim for assault and battery against Hill; and (iii) a claim for a statutory hate crime, Va. Code § 8.01-42.1, against Hill. Dkt. 1 at 7-11. Because the Court's exercise of supplemental jurisdiction turns on whether Plaintiff has plausibly stated a claim under the Rehabilitation Act, the Court analyzes the claim against FCSB first.

### A. The FCSB Motion

Plaintiff asserts a hostile work environment claim under the Rehabilitation Act. Such a claim is grounded upon 29 U.S.C. § 794(a), which mandates that: "no otherwise qualified individual with a disability . . . solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." As courts recognize, "[t]o state a hostile work environment claim, [a plaintiff] must allege that: (1) [he] experienced unwelcome harassment; (2) the harassment was based on his [protected characteristic]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Desai v. DeJoy*, 2024 WL 3092404, at *8 (E.D. Va. June 20, 2024) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)) (citation omitted). Neither party disputes

[2] Because of some confusion regarding whether Count I applied to Defendant Hill, Defendant Hill moved to dismiss this claim as to him. Dkt. 11 at 3-4. Plaintiff does not oppose entry of an order confirming Count I does not apply to Defendant Hill. Dkt. 19 at 2. Thus, the Court analyzes Count I only with respect to Defendant FCSB.

that Plaintiff experienced unwelcome harassment, thus, the Court will not determine this issue.

To begin with, the standard for the second element is disputed by the parties. Plaintiff urges that a "but-for" analysis is required, Dkt. 18 at 4, while Defendant FCSB argues a "sole cause" analysis is proper. Dkt. 21 at 4-6.[3] Case precedent in this Circuit has established that a "but-for" analysis is the correct method of determining the elements necessary to assert a hostile work environment claim. *See Pueschel v. Peters*, 577 F.3d 588, 565 (4th Cir. 2009) (holding that a plaintiff must show that "but-for" the employee's protected characteristics, he would not have been the victim of discrimination); *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998) (holding a plaintiff must show "but-for" the protected characteristic he would not have been the victim of the alleged discrimination). The Supreme Court has articulated that "the adoption of the traditional 'but-for' causation standard means a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision." *Bostock v. Clayton County, Georgia*, 590 U.S. 644, 656 (U.S. 2020).[4] Thus, this Court will apply a "but-for" standard here.

Although a close question given Plaintiff's allegations regarding Defendant Hill generally and his interactions with Hill in particular, at this stage of the proceedings the Complaint plausibly alleges that the assault by Defendant Hill would not have occurred "but-for" Plaintiff's disability. Plaintiff sufficiently

---

[3] Defendant FCSB cites *Reyazuddin v. Montgomery Cnty*, 789 F.3d 407, 413-14 (4th Cir. 2015), stating current case law is superseded by this holding. But, *Reyazuddin* explicitly acknowledges employment discrimination claims brought under section 504 are the same as those applied under Title I of the American with Disabilities Act of 1990 and cases after *Reyazuddin* continue to apply the "but-for" standard. *See id.*; 29 U.S.C. § 794(d); *Gentry v. East West Partners Club Management Co., Inc.*, 816 F.3d 228, 235-36 (4th Cir. 2016) (holding the ADA text calls for a "but-for" causation standard and finds no reason to suggest a heightened causation standard).

[4] The *Bostock* Court addressed a Title VII cause of action, but highlighted that Title VII incorporates the "simple" and "traditional" standard of but-for causation, indicating this standard is applicable beyond Title VII claims. *See* 590 U.S. at 656. Additionally, Title VII and Section 504 of the Rehabilitation Act have routinely used the same *prima facie* elements to assert a hostile work environment. *See, e.g., id.*; *Freeman v. Dal-Tile Corp.*, 750 F.3d 413 (4th Cir. 2014). Thus, they are frequently held to the same standard.

alleges a specific instance of Defendant Hill taunting Plaintiff about his disability and then assaulting him. Dkt. 1 ¶¶ 28-33.

Next, Plaintiff has sufficiently alleged a severe incident sufficient to satisfy the "severe or pervasive" test. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). Specifically, the Fourth Circuit has held that the "conduct must be [so] extreme [as] to amount to a change in the term and conditions of employment." *Id.* (citation omitted). The Fourth Circuit has recognized that an assault can be sufficiently severe to satisfy this standard at the pleading stage. *See Davis v. City of Charlottesville Sch. Bd.*, 498 F. App'x 231 (4th Cir. 2012). Here, Plaintiff has alleged a sufficiently severe incident for this stage of proceedings.

Where Plaintiff falters, however, is that there must be some basis for imposing liability on the employer. The Fourth Circuit has held that a claim asserting discrimination between two co-workers will be imputable to an employer only if the plaintiff sufficiently alleges facts that the employer knew of the harassment and failed to stop it. *See Bazemore v. Best Buy*, 957 F.3d 195, 201 (4th Cir. 2020) (citations omitted). However, "Title VII does not prescribe specific action for an employer to take in response to . . . harassment, or require that the harasser be fired." *Id.* Rather, employers are required to "take action 'reasonably calculated' to stop the harassment." *Id.* (holding that a human resource department conducting an internal investigation was reasonably calculated when no further allegations of harassment were alleged); *EEOC v. Xerxes Corp.*, 639 F.3d 658, 670 (4th Cir. 2011) ("a remedial action that effectively stops the harassment will be deemed adequate as a matter of law").

As Plaintiff here concedes, "Plaintiff does not contend that Defendant School Board should have predicted the December 20 assault based on Defendant Hill's employment history." Dkt. 18 at 7. Thus, any prior incidents (which were unrelated to disability discrimination) did not serve to put Defendant FCSB on notice for purposes of a Section 504 harassment claim. Plaintiff attempts to reframe the question as to whether Defendant's response to the conduct was adequate. But that is not for the Court to decide on these facts. For a harassment claim – which the only claim that Plaintiff has asserted – there must have

been some harassment that the employer should have and failed to reasonably prevent. *See Bazemore*, 957 F.3d at 201 (recognizing employer's liability lies where the employer "knew, or should have known, about the harassment and failed to take action reasonably calculated to stop it"). Here, Plaintiff concedes that Defendant was not on notice at the time of the assault and there has been no secondary harassment (in the context of employment) that Defendant has failed to prevent. Plaintiff speculates that, if he returned to work there would be, but such speculation cannot form the basis for a plausible harassment claim.

Finally, although Plaintiff does not separately assert a discrimination claim based on constructive discharge, the Complaint could be read to include such a claim. Dkt. 1 ¶ 60. To the extent that Plaintiff attempts to assert such a claim, Plaintiff acknowledges that such a claim is not ripe. *See* Dkt. 18 at 9 ("Plaintiff acknowledges that traditional constructive discharge requires an actual resignation, which has not yet occurred as Plaintiff is currently on leave.").

In sum, Plaintiff has failed to allege a plausible claim under Section 504. Accordingly, the Court will grant the FCSB Motion.

B. Supplemental Jurisdiction

After resolving the FCSB Motion, the Court has dismissed the only federal claim. All that remains are two state law claims. Thus, the Court must now determine whether it will exercise supplemental jurisdiction over those remaining claims. Section 1367(a) of Title 28 of the United States Code provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." A court may, however, decline to exercise supplemental jurisdiction when, such as the present case, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). When claims are dismissed in the early stages of the litigation, the "values of judicial economy, convenience, fairness, and comity" weigh in favor of dismissing the remaining state law claims. *Alston v. Anderson*, 2023 WL

416197, at *7 (E.D. Va. Jan. 25, 2023). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will dismiss those claims on that basis.

V. CONCLUSION

For the foregoing reasons, the Court will dismiss the entirety of the Complaint. Because further amendment does not appear futile, the Court will permit Plaintiff to amend.

Accordingly for the foregoing reasons, it is hereby ORDERED that Defendants' Motions to Dismiss (Dkts. 11, 12) are GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint (Dkt. 1) is DISMISSED without prejudice and with leave to amend; and it is

FURTHER ORDERED that Plaintiff is DIRECTED to file any Amended Complaint within FOURTEEN (14) days of the issuance of this Memorandum Opinion and Order. If Plaintiff fails to do so, then this Court will direct the Clerk of the Court to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
July 22, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge