# EXHIBIT A

**ORDER FOR DEFERRAL OF PROCEEDINGS PURSUANT TO VA. CODE § 19.2-298.02**

Commonwealth of Virginia VA. CODE § 19.2-298.02

Case No. GC25007808-00

4/14/25 @ 9:30 am
TRIAL HEARING DATE AND TIME

Fairfax County
CITY OR COUNTY

[X] General District Court [ ] Circuit Court
[ ] Juvenile and Domestic Relations District Court

4410 Chain Bridge RD.
COURT ADDRESS

[X] Commonwealth of Virginia v. BRYAN HILL
DEFENDANT

[ ] ..........
LOCALITY

The court, having advised the defendant of the right to appeal and accepted the defendant's waiver of appeal, grants a deferral of proceedings pursuant to Virginia Code § 19.2-298.02. The deferral of proceedings is conditioned on general good behavior, payment of court costs and the following special terms and conditions:

[X] as agreed upon by the parties
[ ] as imposed by the court, there being no agreement of the parties as to the terms and conditions,

Deferral for 12 months. Defendant shall have no assaultive contact with the victim Brandon Betz. Defendant shall be on general good behavior for the period of the deferral. Defendant must complete 40 hours of community service and a Anger Management course. For a period of Active probation until completion of ~~[illegible]~~ CCCAP. if defendant is compliant the charge will be dismissed. if the defendant is not compliant with the terms, the defendant shall be guilty of Assault and battery under Va 18.2-57 ~~assault and Battery~~. And be sentenced by the court's discretion

Navreet Bhide 100824 [signature] 93154

[X] The parties agree that if the charge is dismissed under Va. Code § 19.2-298.02 that such dismissal will be considered as otherwise dismissed for purposes of expungement under Va. Code § 19.2-392.2.

This matter is continued for hearing on APRIL 9, 2026 at 2:00PM
DATE AND TIME

4-14-25
DATE

[signature]
JUDGE

APR 14 2025 R. OBREGON

See Trial NOTES FOR MORE INFO –
In brief – CW alleged victim is handicapped.
Both teachers at Lewis H.S. in Fairfax County.
Arguing over basketball coaching issue. Both he
Δ clearly moving abt easily; CW witness not
due to being on crutches (he had a very difficult
time getting on the witness stand).
Video showed CW alleged victim putting finger
in Δ's face (email Δ sent to school abt
incident did not reference a touching by CW's
alleged victim – just that it was in his
face). Self-defense argument not compelling.
Found suff evidence for A+B. CW seeking
no active time (victim did not wish to present
test for sentencing.) Parties agreed to the terms
of § 298.02.

RO

APR 14 2025 R. OBREGON