**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| Brandon Christopher Betz,<br><br>Plaintiff,<br><br>v.<br><br>Fairfax County School Board, and<br><br>Bryan Hill,<br><br>Defendants. | Civil Action No.: 1:25-cv-02314-RDA-LRV |

**MEMORANDUM IN SUPPORT OF DEFENDANT BRYAN HILL'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. Introduction

Count II, a state-law assault and battery claim, is the only claim asserted against Mr. Hill in Plaintiff's Amended Complaint. It is before this Court solely because Plaintiff has pleaded a federal claim against the Fairfax County School Board ("FCSB"). When this Court dismissed the original Complaint on July 22, 2026, it dismissed the federal claim against FCSB and declined to exercise supplemental jurisdiction over the state-law claims against Mr. Hill without reaching their merits. (Dkt. 22 at 6-8.) The First Amended Complaint does not cure the defect the Court identified. Accordingly, should the Court dismiss Count I of the Amended Complaint, the Court should again decline to exercise supplemental jurisdiction over Count II of the Amended Complaint.

This Court held that Plaintiff failed to plead a factual basis for imputing Hill's conduct to FCSB, because he did not allege that FCSB knew or should have known of disability-based harassment and failed to act. (Id. at 6-7 (citing Bazemore v. Best Buy, 957 F.3d 195, 201 (4th Cir. 2020)).) Plaintiff's response is to add allegations recharacterizing Hill as his "supervisor," which would permit imputation without any showing of employer notice. (Am. Compl. ¶¶ 55-61.) But Plaintiff's own factual allegations foreclose that theory: he alleges that he resigned from coaching weeks before December 20, 2024, and that he approached Hill that day to ask Hill to tell students he had "stepped away from coaching because of family obligations." (Id. ¶¶ 21-23, 57.) A man who has resigned from the position a supervisor supervises is no longer that supervisor's subordinate. Under Vance v. Ball State University, 570 U.S. 421 (2013), Hill and Betz were co-workers, and the notice requirement this Court already applied still governs.

With the federal claim again subject to dismissal, the Court should again decline supplemental jurisdiction over Count II under 28 U.S.C. § 1367(c)(3). Should the Court evaluate the Virginia Workers' Compensation Act ("VWCA") exclusivity question, Count II is barred by the exclusivity provision of the VWCA, Va. Code § 65.2-307, because the Amended Complaint's own allegations establish that this dispute began and ended as a disagreement between two co-employees over a coaching assignment and stipend.

**II. Procedural History**

Plaintiff filed his original Complaint on December 10, 2025. (Dkt. 1.) Both Defendants moved to dismiss. (Dkts. 11, 12.) In opposing Mr. Hill's motion, Plaintiff conceded dismissal of Count III, the statutory hate-crime claim, acknowledging that "[t]he Complaint alleges that both Plaintiff and Defendant Hill are employees of the same employer and that the incident occurred

at the workplace," and that these allegations triggered the statute's workplace-dispute exclusion. (Dkt. 19 at 4.)

On July 22, 2026, the Court dismissed Count I for failure to state a claim, declined supplemental jurisdiction over the remaining state-law claims, and dismissed the Complaint without prejudice with leave to amend. (Dkt. 22 at 6-8.) The Court did not reach the Virginia Workers' Compensation Act issue. On August 12, 2026, Plaintiff filed the First Amended Complaint. (Dkt. 23.) Mr. Hill is named only in Count II.

**III. Standard of Review**

Count II invokes no independent basis for federal jurisdiction. It is before this Court, if at all, under 28 U.S.C. § 1367(a). Where a court "has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

Under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts well-pleaded factual allegations as true but need not credit "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor must it accept a legal conclusion that the pleader's own factual allegations contradict.

**IV. Argument**

**A. Because the Amended Complaint Still Fails to Impute Liability to FCSB, the Court Should Again Decline Supplemental Jurisdiction Over Count II.**

**1. Plaintiff's own allegations establish that Hill was a co-worker, not a supervisor.**

An employer is liable for a hostile work environment created by a co-worker only where it "knew, or should have known, about the harassment and failed to take action reasonably calculated to stop it." Bazemore, 957 F.3d at 201. That is the standard this Court applied in dismissing Count I. (Dkt. 22 at 6-7.) A plaintiff may avoid that notice requirement only by showing the harasser was a supervisor — someone "empowered by the employer to take tangible employment actions against the victim." Vance v. Ball State Univ., 570 U.S. 421, 424 (2013). Supervisory status is assessed as of the time of the harassment. Id. at 431.

The Amended Complaint's new paragraphs assert that Hill "continued to possess and exercise FCSB-delegated authority" and "was Betz's supervisor for purposes of imposing liability upon FCSB." (Am. Compl. ¶¶ 59-60.) Those are legal conclusions, but Plaintiff's own factual allegations refute them. Plaintiff alleges that Hill's authority ran to the basketball coaching staff — assigning positions, setting stipends, and allocating coaching pay. (Id. ¶¶ 55-56.) He then alleges that he left that staff: "Betz subsequently ceased actively performing coaching duties." (Id. ¶ 21.) He alleges that he approached Hill on December 20 to ask Hill to tell students that Betz "had stepped away from coaching because of family obligations." (Id. ¶ 23.) And he concedes the timing expressly: "Betz ceased actively performing coaching duties before December 20, 2024." (Id. ¶ 57.)

Though the Amended Complaint does not state Plaintiff's specific job title, Plaintiff remained an FCSB employee. However, Plaintiff does not allege that Hill had any authority over

that non-coaching employment. The only authority he attributes to Hill is authority over the coaching position that Plaintiff had already left. What ¶ 57 alleges is that "the economic consequences of Hill's exercise of supervisory authority remained unresolved" — that an unpaid $1,000 from a past assignment was still outstanding. An unpaid debt from a concluded assignment is not the power to "effect a significant change in employment status." Vance, 570 U.S. at 431. Hill could not hire, fire, promote, reassign, or set the terms of the position Plaintiff actually held on December 20, 2024, and the Amended Complaint does not allege otherwise. Whatever authority Hill held over Plaintiff was only held while Plaintiff served on the coaching staff.

Paragraph 20 does not fill that gap. It alleges that Hill said he would restore the $1,000 "using funds generated by a basketball camp the following summer," and asks the Court to infer from that statement that Hill "retained authority" over Plaintiff. But a summer camp is a coaching activity, and Plaintiff, by his own admission, had stopped coaching. Plaintiff does not allege that he intended to return to coaching or that Hill agreed that FCSB would pay these funds even if Plaintiff did not participate in the summer camp or other coaching activities. On his own allegations, he gave up whatever opportunity that arrangement represented when he stepped away from the program. A statement about how an amount of compensation might someday be paid is speculative at best and is not authority over that person's current employment.

Because Hill was a co-worker, Bazemore governs, and Count I fails for the same reason it failed before. Plaintiff does not allege that FCSB had notice of disability-based harassment before December 20 — he alleges the opposite, that Hill's statement "immediately preceded the assault, leaving Betz no reasonable opportunity to report or prevent it." (Am. Compl. ¶ 62.) And

what he alleges FCSB did after learning of the incident is what the negligence standard asks for: FCSB investigated, and Plaintiff reported and participated. (Id. ¶ 63.)

**2. With no federal claim remaining, the Court should decline jurisdiction over Count II as it did before.**

The sufficiency of Count I determines whether Count II is properly before this Court at all. If Count I is dismissed, no claim within the Court's original jurisdiction remains, and § 1367(c)(3) permits the Court to decline supplemental jurisdiction over Count II. The Court has already made that judgment once in this case, finding that "the values of judicial economy, convenience, fairness, and comity" favored declining jurisdiction over the state-law claims at this early stage. (Dkt. 22 at 7.) Nothing has changed. This is again a motion testing the pleadings – the same posture as the Court's Jully 22, 2026 order. There has been no discovery, no scheduling order, no evidentiary record, and no proceedings on the merits of Count II. Without Count I, there is no reason for this Court to exercise its supplemental jurisdiction over Count II.

**B. Count II Is Barred by the Virginia Workers' Compensation Act.**

**1. The dispute originated in the workplace.**

Virginia Code § 65.2-307(A) makes the Workers' Compensation Act the exclusive remedy for injuries "arising out of and in the course of" employment. The bar extends to intentional torts, including assault and battery, and applies whether or not the employee filed a compensation claim. Sutter v. First Union Nat. Bank of Va., Inc., 932 F. Supp. 753, 758 (E.D. Va. 1996). It applies equally to assaults between co-employees. See Hilton v. Martin, 275 Va. 176, 179-80 (2008).

Virginia applies the "actual risk" test, which asks whether there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. County of Chesterfield v. Johnson, 237 Va. 180, 183-84 (1989). In co-employee assault cases, what controls is the origin of the dispute, not the manner of its escalation. Where a fight "was not a mere personal matter, but grew out of a quarrel over the manner of conducting the employer's business," and the injured employee was not the aggressor, the injury arises out of the employment. Farmers' Mfg. Co. v. Warfel, 144 Va. 98, 101 (1926).

The Amended Complaint leaves no doubt where this dispute began. Plaintiff alleges that Hill promised him an assistant varsity position carrying a stipend of approximately $3,000, then assigned him instead to the junior-varsity team at a stipend of approximately $2,000 and later removed $1,000 from that stipend and reallocated it to another coach after Plaintiff did not cover study hall. (Am. Compl. ¶¶ 18-19.) A disagreement over pay reduced because an assigned duty went uncovered is a quarrel about the performance of work. He approached Hill at the School on December 20 to address how Hill had characterized his departure from coaching and to press that compensation dispute. (Id. ¶¶ 20, 23-24.) The exchange that followed concerned Hill's coaching assignments, his allocation of coaching pay, and Plaintiff's contact with players. (Id. ¶¶ 24-25.) Every fact explaining how, where, and why these two men came to be in that hallway describes a workplace dispute between two employees of the same school. See Sutter, 932 F. Supp. at 759 (exclusivity applied where "every event in this scenario" was work-related); Miller v. Washington Workplace, Inc., 298 F. Supp. 2d 364, 372 (E.D. Va. 2004).

**2. The alleged reference to Plaintiff's disability does not change the origin of the dispute.**

Plaintiff's theory for avoiding exclusivity is that Hill's alleged disability-related remark was a completely separate discussion. Plaintiff alleges that he had started to disengage and was turning to walk into a classroom, which shows the assault was personal. (Am. Compl. ¶¶ 69-71.) The Supreme Court of Virginia has rejected that reasoning. In Hilton v. Martin, the Court held that "[i]t is immaterial whether the assailant's subjective motivation is playful, amorous, vindictive, or hostile." 275 Va. at 181. What matters is whether the assault was directed at the victim as an employee, or whether the conditions of the work were a contributing cause. Id.

Offensive language accompanying a work-originated confrontation does not sever the connection to employment. Sutter and Miller both rejected personal-animus arguments where the underlying grievance was work-related. Sutter, 932 F. Supp. at 759; Miller, 298 F. Supp. 2d at 372. The remark Plaintiff alleges colors how this dispute escalated; it does not change what the dispute was about.

**3. Count II incorporates the work-related facts, and Rule 8(d) does not permit Plaintiff to plead around them.**

Count II "incorporates by reference paragraphs 1 through 48" of the Amended Complaint. (Am. Compl. ¶ 66.) Those paragraphs include the allegations, pleaded without qualification, that the December 20 encounter arose from and concerned Plaintiff's coaching assignment and stipend. (Id. ¶¶ 20-32.) Three paragraphs later, Count II asserts that the same encounter was "personal in nature" and "independent of the employment relationship." (Id. ¶¶ 69-71.)

Rule 8(d) does not shelter that contradiction. It permits a party to plead inconsistent legal theories; it does not permit inconsistent factual allegations. In SecureInfo Corp. v. Telos Corp., 387 F. Supp. 2d 593 (E.D. Va. 2005), the plaintiff's later counts realleged "all prior paragraphs as

though fully set forth" therein. Id. at 617. The *SecureInfo* court held the incorporated allegations established an agency relationship that defeated those counts and rejected the plaintiff's reliance on the alternative-pleading rule because "that rule does not allow plaintiffs to make inconsistent factual allegations." *Id.* (citing Fed. R. Civ. P. 8(e)(2), now Rule 8(d)). The same follows here: having incorporated the work-related origin facts into Count II without qualification, Plaintiff is bound by them.

**4. The allegation of a "new and separate confrontation" is a conclusion, not a fact.**

Plaintiff's remaining answer is that the dispute ended and a second, personal confrontation began. (Am. Compl. ¶¶ 26-27.) The Court must accept his well-pleaded facts, but the characterization "new and separate confrontation" is a legal conclusion about the effect of those facts, and Iqbal does not require the Court to accept it. 556 U.S. at 678. Indeed, the pleaded facts do not support it. The Amended Complaint alleges no lapse of time beyond the moment it took Plaintiff to turn, no cooling-off period, no change of location, no intervening person or event, and no new subject matter. Paragraph 27 follows paragraph 26 without so much as a sentence between them. Where a plaintiff pleads a sequence of events in this much detail but omits every particular that would establish a break, the omission is telling. Cf. In re Goyne, 26 B.R. 47, 51 (Bankr. E.D. Va. 1982) (assault covered where there was "an unbroken course" of events and "[n]o incidents intervened to convert this matter to a personal feud").

Plaintiff's own quotation of Hill's statement confirms the point. In the original Complaint, Plaintiff quoted that statement in full: Hill "admitted: 'I said, "You're a handicapped dude threatening harm to people. Stop it man."'" (Compl. ¶ 34.) That is the language of a man responding to conduct occurring in front of him, not of a man initiating a confrontation with

someone who has walked away. Had Plaintiff disengaged as he alleges, there would have been nothing in progress for Hill to describe.

The Amended Complaint now quotes the same statement differently, omitting that context: "Hill admitted that he referred to Betz as a 'handicapped dude' during the confrontation." (Am. Compl. ¶ 34.) Both versions cannot be complete and accurate accounts of the same sentence, and only the Amended Complaint omits the words that cut against Plaintiff's theory.

**C. Plaintiff Has Already Told This Court That This Incident Arose Out of the Workplace.**

In opposing Mr. Hill's original motion, Plaintiff conceded dismissal of his statutory hate-crime claim because Va. Code § 8.01-42.1(C) excludes actions between employees of the same employer "arising out of incidents occurring in the workplace or arising out of the employee-employer relationship." He tied that concession to specific pleaded facts: "The Complaint alleges that both Plaintiff and Defendant Hill are employees of the same employer and that the incident occurred at the workplace." (Dkt. 19 at 4.)

Such an admission is binding where the statement is "deliberate, clear, and unambiguous." Everett v. Pitt Cty. Bd. of Educ., 788 F.3d 132, 141 (4th Cir. 2015). Plaintiff's concession was all three. Whatever its precise force, it confirms what the Amended Complaint still alleges on its face: these were two employees of the same school, and this incident arose at their shared workplace out of their shared employment.

**V. Conclusion**

Plaintiff resigned from coaching well before December 20, 2024. That single fact, which he pleads himself, means Hill was his co-worker rather than his supervisor, which means FCSB's

liability turns on notice, which Plaintiff has again failed to plead. Count I should be dismissed, and with it the only basis for this Court's supplemental jurisdiction over Count II.

Defendant Bryan Hill respectfully requests that the Court decline to exercise supplemental jurisdiction over Count II under 28 U.S.C. § 1367(c)(3), and, to the extent the Court evaluates the VWCA exclusivity question, that Count II be dismissed with prejudice as barred by Va. Code § 65.2-307.

Date: August 26, 2026

Respectfully submitted,

BRYAN HILL, By Counsel

/s/ Michael L. Daniels, Esq.
Michael L. Daniels (VSB No. 93154)
Michael L. Daniels, PLC
1775 Tysons Boulevard, 5th Floor
Tysons, VA 22102
Phone: 571-500-1031
Fax: 571-200-6379
Email: mdaniels@mldplc.com
*Counsel for Defendant Bryan Hill*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August, 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Michael L. Daniels, Esq.
Michael L. Daniels (VSB #93154)