**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| BRANDON BETZ | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No. 1:25-cv-2314 |
| vs. | * | |
| | * | |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.* | * | |
| | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT FAIRFAX COUNTY SCHOOL BOARD'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

INTRODUCTION

In its prior Order granting Defendant Fairfax County School Board's ("FCSB") Motion to Dismiss Count I of the original Complaint, the Court held that Plaintiff sufficiently alleged disability-based harassment and an incident sufficiently severe to create a hostile work environment, but that the original Complaint failed to allege a basis for imputing Defendant Bryan Hill's conduct to FCSB under the coworker-liability standard. Dkt. 22 at 5–7. Plaintiff's First Amended Complaint ("FAC") addresses that deficiency by alleging facts supporting Hill's status as Betz's supervisor when the harassment occurred; under this framework, Betz is not required to establish that FCSB had advance notice of the harassment as a prerequisite to vicarious liability.

FCSB principally argues that Betz's resignation from coaching ended Hill's supervisory authority, but the FAC alleges that Hill retained authority over Betz's unpaid coaching compensation notwithstanding the resignation. Those allegations plausibly support Hill's supervisory status when the harassment occurred.

FCSB's alternative arguments likewise require separate analysis. The absence of a discriminatory tangible employment action makes the *Faragher/Ellerth* affirmative defense available; it does not itself defeat a supervisor-harassment claim. The FAC acknowledges FCSB's prompt suspension of Hill, but does not establish every element of that defense. And the claim for compensatory damages rests on intentional disability discrimination attributable to FCSB through the alleged supervisory relationship. FCSB's argument that administrators were not deliberately indifferent to a completed assault does not resolve whether that intentional discrimination is attributable under the employment standards governing Count I.

For these reasons, and those developed below, the Court should therefore deny the motion to dismiss. Any deficiency in standing for prospective relief should be addressed separately from the claim for damages arising from the completed violation.

## ARGUMENT

On a Rule 12(b)(6) motion, the Court accepts well-pleaded facts and draws reasonable inferences for the plaintiff. A defendant's alternative interpretation of a referenced document does not automatically displace the plaintiff's account. *Goines v. Valley Community Services Board*, 822 F.3d 159, 166–68 (4th Cir. 2016).

An affirmative defense may support dismissal when the facts necessary to establish it appear on the complaint's face. The plaintiff, however, need not plead facts negating a defense whose necessary factual predicates are not established. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*).

### I. The FAC Plausibly Alleges that Defendant Hill Retained Supervisory Authority When the Assault Occurred.

FCSB assumes for purposes of its argument that Hill previously qualified as Betz's supervisor, but contends that the supervisory relationship ended when Betz ceased performing

coaching duties. Def. Mem. at 8–9. The FAC's allegations of continuing compensation authority directly address that contention.

The U.S. Supreme Court held in *Vance v. Ball State University*, 570 U.S. 421, 431 (2013), that supervisory status depends not solely on title, but turns on whether the employer empowered the employee in question to take tangible employment actions against the plaintiff, including decisions causing significant changes in employment benefits such as compensation. The inquiry encompasses authority effectively delegated through the employer's reliance on another employee's recommendations. *Id.* at 447.

The FAC alleges that FCSB empowered Hill to determine subordinate coaches' selection, removal, assignments, and compensation and implemented his decisions. FAC ¶¶ 14–17. Hill exercised that authority by changing Betz's assignment and stipend and reallocating $1,000 of Betz's compensation to another coach. *Id.* ¶¶ 18–19. When questioned, Hill stated that he would restore the $1,000 using funds generated by the following summer's basketball camp. Id. ¶ 20. After Betz ceased actively coaching, compensation for services already performed remained unresolved, and, as of December 20, Hill continued to represent that its future payment remained within his control. *Id.* ¶ 21.

Taken together, these allegations support a reasonable inference that Hill retained delegated decision-making authority over Betz's unpaid coaching compensation when the assault occurred. The $1,000 represented half of the alleged $2,000 junior-varsity stipend. *Id.* ¶¶ 18–19. Hill's prior removal and reallocation of those funds supplies a concrete factual basis for the allegation that his subsequent representations concerned actual compensation authority. FCSB's characterization of Hill as merely defending an earlier financial decision does not account for the

separately pleaded allegations concerning his continuing control over restoration of the money. *See* Def. Mem. at 8–9; FAC ¶¶ 20–21, 57–59.

Betz's cessation of coaching duties does not, on the face of the FAC, establish that this compensation authority ended; whether another official instead controlled payment, or whether restoration required additional summer-camp work, cannot be resolved by supplying facts absent from the pleading. FCSB's reliance on the coworker standard depends on this Court finding the FAC's allegations insufficient to establish Hill's supervisory status. For the reasons stated above, those allegations plausibly establish that authority at this stage.

II. The FAC Does Not Establish Both Elements of FCSB's Affirmative Defense

FCSB further argues that even if the Court were to accept that Hill was Betz's supervisor, Hill's actions cannot be considered a "tangible employment action" and thus it may assert the *Faragher/Ellerth* affirmative defense. Def. Mem. at 14–17. That defense requires proof of both reasonable care to prevent **and** promptly correct harassment, **and** the employee's unreasonable failure to use available preventive or corrective opportunities or otherwise avoid harm. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807–08 (1998). The Supreme Court reiterated that the employer must fulfill both requirements in *Vance*, 570 U.S. at 424, and the Fourth Circuit separately applied them in *Crockett v. Mission Hospital, Inc.*, 717 F.3d 348, 356–58 (4th Cir. 2013).

While the absence of a tangible employment action permits the defense, the absence itself is not sufficient to establish it; dismissal on that basis requires that all facts necessary to the defense clearly appear on the complaint's face. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*). Accordingly, the relevant inquiry for the Court is whether Betz's

allegations establish FCSB's defense, not whether dismissal on an affirmative defense is categorically unavailable.

A. FCSB's Response to the Assault Does Not Establish Reasonable Preventive Care.

FCSB, relying on *Butler v. Maryland Aviation Administration*, No. MJG-11-2854, slip op. at 13–17 (D. Md. Aug. 14, 2012), contends that the first element is established because it lacked advance notice, suspended Hill, investigated, proposed separation, and received no allegation of subsequent harassment. Def. Mem. at 15-16. However, this element requires reasonable care both to prevent harassment and to correct it promptly. Even assuming FCSB's response establishes the corrective component, it does not establish the preventive component.

In *Reinhold v. Commonwealth of Virginia,* 151 F.3d 172, 175–76 (4th Cir. 1998), the Fourth Circuit found that even where the employer's prompt remedial action ended the harassment, evidence concerning its preventive policy and complaint procedure was lacking, and therefore the record was insufficient to resolve the defense. Here, the FAC describes FCSB's response *after* Hill assaulted Betz, but it does not describe what *preventive* measures FCSB maintained or how it implemented them. FCSB bears the burden of establishing reasonable preventive care, and Betz need not plead facts at the outset disproving it. The absence of an allegation identifying a defective policy does not establish an effective one.

The criminal-court conditions FCSB invokes likewise concern its response after the assault. Def. Mem. at 11–14 & Exs. A–B. Even crediting those conditions and FCSB's initial suspension and investigation, those circumstances do not establish reasonable preventive care. Because the facts necessary to establish that component of the first element do not clearly appear on the FAC's face, dismissal on the affirmative defense is unwarranted. *Goodman*, 494 F.3d at 464.

### B. Betz Promptly Reported and Cooperated, and the FAC Does Not Establish an Unreasonable Failure to Avoid Harm.

Even if the Court were to find that the allegations of the FAC support the first element of the *Ellerth* defense, FCSB also must establish that Betz unreasonably failed to use available preventive or corrective opportunities or otherwise avoid harm.

Hill's first disability-directed statement immediately preceded the assault, leaving Betz no reasonable opportunity to invoke a reporting procedure beforehand. FAC ¶¶ 29–32, 62. Betz then promptly reported the assault, participated in FCSB's investigation, and expressly communicated his disability-related safety concerns. *Id.* ¶¶ 36, 63.

FCSB instead relies on Betz's objections to FCSB's proposed plan to separate him and Hill in order to prevent future confrontations. Def. Mem. at 16. The proposal could not have prevented the completed assault, nor does the FAC establish that accepting the proposal would have reduced Betz's continuing losses. Betz attempted to return to work while Hill remained suspended, but could not complete the workday because of his hip fracture and remained medically uncleared to work. FAC ¶¶ 37, 42, 47. Those allegations support the inference that his injuries prevented his return, rather than an unreasonable refusal to avoid further harm. Accordingly, whether accepting either proposal would have reduced his continuing losses therefore cannot be resolved against him on the face of the FAC.

Furthermore, FCSB's reliance on *Butler* as an example of dismissal based on the affirmative defense does not establish that dismissal is warranted here. *See* Def. Mem. at 14 n.8, 16–17. In *Butler*, the plaintiff's own allegations established that she intentionally withheld the nature of her supervisor's conduct while the harassment continued for approximately a year. The court relied on that failure to disclose in finding the defense's second element satisfied. *Butler,* slip op. at 19. Here, Betz promptly reported and cooperated, and the FAC attributes his inability

to return to his injuries. FAC ¶¶ 37, 42, 47, 63. While *Butler* illustrates the factual showing that can support dismissal, the FAC contains no comparable allegations establishing an unreasonable failure by Betz to use corrective opportunities or otherwise avoid harm.

FCSB alternatively argues, relying on *Watkins v. Professional Security Bureau, Ltd.*, No. 98-2555, slip op. at 12 n.16 (4th Cir. Nov. 15, 1999) (unpublished)[1] and *Jaudon v. Elder Health, Inc.*, 125 F. Supp. 2d 153, 164 & n.6 (D. Md. 2000), that prompt reporting and an adequate employer response make the second element unnecessary. Def. Mem. at 16 & n.10. Neither establishes a binding exception to the two requirements reiterated in *Vance,* 570 U.S. at 424, and other courts have rejected dispensing with the second element based on an adequate employer response, including in a single-assault case involving prompt reporting. *See Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1025–26 (10th Cir. 2001); *see also Alalade v. AWS Assistance Corp.*, 796 F. Supp. 2d 936, 944–46 (N.D. Ind. 2011). In any event, FCSB's proposed exception still requires satisfaction of the first element, which the FAC does not establish.

III. The FAC Alleges Purposeful Disability Discrimination Attributable to FCSB Under the Employment-Liability Framework.

FCSB's compensatory-damages argument continues to focus on whether its administrators had advance notice of Hill's conduct or responded with deliberate indifference. Def. Mem. at 17–19. The FAC alleges that Hill possessed supervisory authority when he intentionally subjected Betz to disability-based harassment. FAC ¶¶ 55–64. Betz therefore relies

---

[1] Watkins is an unpublished 1999 disposition. Fourth Circuit Local Rule 32.1 disfavors citation of unpublished Fourth Circuit dispositions issued before January 1, 2007, including in district courts within the Circuit, except to establish res judicata, estoppel, or law of the case. Although the Rule permits citation when a party believes such a disposition has precedential value on a material issue and no published opinion would serve as well, *Watkins* does not establish a binding exception to the two-part defense reiterated in *Vance*, 570 U.S. at 424.

on vicarious liability for intentional supervisor harassment, rather than deliberate indifference by other administrators.

The requirement of intentional discrimination is consistent with that theory: in the employment context, the intent requirement distinguishes disparate treatment from disparate impact. *Pandazides v. Virginia Board of Education*, 13 F.3d 823, 830 n.9 (4th Cir. 1994).The Courth Circuit further held that there is not a heightened standard of proof on a disparate-treatment claim. *Id.* Here, Hill allegedly invoked Betz's disability, exploited his physical vulnerability, and deliberately shoved him, fracturing his hip. FAC ¶¶ 29–32, 52–54. The alleged discriminatory intent rests on Hill's disability-directed words and the relationship between Betz's impairment and Hill's conduct, beyond the intentional nature of the physical contact itself.

Additionally, Section 504 expressly incorporates the ADA's employment standards. 29 U.S.C. § 794(d). Under the supervisory-harassment framework, an employer may be vicariously liable for a supervisor's discriminatory harassment, subject to the *Faragher/Ellerth* defense discussed at length, *supra*. As explained above, the FAC plausibly alleges that Hill retained supervisory authority over Betz when the assault occurred and does not establish FCSB's affirmative defense.

This attribution theory is also consistent with the Fourth Circuit's holding in *Rosen v. Montgomery County*, which rejected the contention that liability under the ADA and analogous statutes requires a discriminatory policy and cannot rest on an agent's statutory violations. 121 F.3d 154, 157 n.3 (4th Cir. 1997). Although the *Rosen* Court did not decide the particular supervisor-harassment damages question presented here, it supports consideration of agency-based attribution rather than limiting the inquiry to other administrators' conduct.

Finally, FCSB's reliance on *Koon v. North Carolina*, 50 F.4th 398, 403–09 (4th Cir. 2022), does not resolve the amended theory as that case concerned deliberate indifference in a reasonable-accommodation case, and not whether a supervisor's intentional disability harassment is attributable to an employer under Section 504's employment standards. FCSB's lack of advance notice and its subsequent response must therefore be considered within the applicable supervisory-liability framework. Those circumstances do not independently defeat the pleaded basis for compensatory damages.

IV. The Requests for Prospective Relief Must be Considered Separately from the Damages Claim.

FCSB argues that Betz has not alleged the future injury necessary for declaratory or injunctive relief. Def. Mem. at 19–21. Past injury alone does not establish standing for prospective relief; the threatened injury must be real and sufficiently immediate. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–11 (1983).

The FAC alleges that Betz remains employed, intends to return when medically able, and would return to the school where FCSB has reinstated Hill. It also alleges concerns about the effectiveness of the proposed separation arrangement. FAC ¶¶ 38–48. Betz relies on those allegations together as the basis for prospective protection in the continuing employment relationship. The requested relief should therefore be evaluated by whether those pleaded circumstances establish a sufficient future threat, rather than by the completed assault alone. Any declaratory relief must likewise address an ongoing controversy concerning the parties' rights, rather than merely declare that past conduct was unlawful.

If the Court nevertheless finds those allegations insufficient to establish prospective standing, the resulting dismissal should be limited to the requests lacking standing and entered without prejudice on that basis. The completed assault and resulting economic losses present a

distinct injury for which Betz seeks compensatory relief. A deficiency in prospective standing neither eliminates that injury nor resolves whether FCSB is liable for it under the amended supervisory theory.

## CONCLUSION

For the foregoing reasons, Plaintiff Brandon Betz respectfully requests that the Court deny Defendant Fairfax County School Board's Motion to Dismiss Count I of the First Amended Complaint. Alternatively, if the Court finds that Plaintiff lacks standing to seek declaratory or injunctive relief, Plaintiff requests that dismissal be limited to those requests, without prejudice, and that his claim for compensatory damages proceed.

Respectfully submitted,

BRANDON BETZ

/s/ Jeremy C. Huang
Jeremy C. Huang, VSB No. 76861
ROWE WEINSTEIN & SOHN, PLLC
7010 Little River Turnpike, Suite 300
Annandale, Virginia 22003
Telephone: 301-770-4710
Facsimile: 301-770-4711
jhuang@rowepllc.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of September 2026, a copy of the foregoing was served via the Court's ECF system upon the following persons:

John F. Cafferky, Esq.
Michael K. Kim, Esq.
Ian J. McElhaney, Esq.
Blankingship & Keith, P.C.
4020 University Drive, Suite 300
Fairfax, VA 22030
*Counsel for Defendant Fairfax County School Board*

Michael L. Daniels, Esq.
Michael L. Daniels, PLC
1775 Tysons Boulevard, 5th Floor
Tysons, VA 22102
*Counsel for Defendant Bryan Hill*

/s/ Jeremy C. Huang